IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH W. ROBINSON III,

              Plaintiff,

  v.                                                               OPINION and ORDER

DR. SALEM SYED, G. BOSBEN, ANGELA BOCK,           21-cv-386-jdp
and JOSEPH KIWANUKA,

              Defendants.

---

Pro se plaintiff Kenneth W. Robinson III alleges that staff at Dane County jail disregarded his symptoms of appendicitis, resulting in him having an emergency surgery to remove a perforated appendix. He is proceeding on claims against jail physician Dr. Salem Syed, Nurse Joseph Kiwanuka, and jail deputies G. Bosben and Angela Bock.

Before the court is Robinson's motion to amend his complaint, Dkt. 44, and a proposed amended complaint, Dkt. 45, that clarifies the identities of Doe defendants and modifies some of the dates from his original complaint. Those motions will be granted. I have amended the caption to reflect the proper defendants and to remove Dane County Sheriff Kalvin Barrett, who I previously included only as a nominal defendant pending the identities of the Does.

Also before the court is defendants' motions for summary judgment on the ground that Robinson did not exhaust his administrative remedies before filing suit. Dkt. 33 (Dane County defendants) and Dkt. 38 (Dr. Syed). Defendants have shown that Robinson failed to exhaust his remedies under Dane County jail's grievance policy before filing this lawsuit, so the motion will be granted, and the case will be dismissed.

ANALYSIS

A plaintiff who is confined in jail or prison may not bring a federal claim about his conditions of confinement until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). This means that the prisoner must follow all the facility's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to exhaust his administrative remedies before filing a federal lawsuit, the court must dismiss any unexhausted claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A prisoner's failure to exhaust is an affirmative defense that the defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Dane County jail's grievance policy allows a detainee to file a grievance about "personal health and welfare, operations, conditions or service of the jail." Dkt. 35-1, at 1. The policy requires inmates to submit grievances within "five (5) working days from the date the grievable issue occurred." If a detainee is dissatisfied with the decision on his grievance, he may file an administrative appeal. *Id.* at 4.

Defendants contend that Robinson failed to exhaust his administrative remedies, because he did not file any jail grievances about staff's response to his appendicitis symptoms. In response, Robinson concedes that he did not file any jail grievances relating to his claims in this case. But he says that his cousin, Donald Alford-Lofton, submitted a grievance and an appeal on his behalf. Robinson argues that Alford-Lofton's submissions complied with Dane County jail's grievance policy, because the grievance policy permits third parties to assist inmates in filing grievances. Robinson filed a declaration from Alford-Lofton, Dkt. 46, in support of his argument.

According to Alford-Lofton's declaration, an unnamed inmate at Dane County jail

called him in August 2020 and reported that Robinson was on suicide watch and was suffering from bad stomach pain. The inmate sent grievance forms to Alford-Lofton, which Alford-Lofton completed on August 23. In the grievance, Alford-Lofton wrote that Robinson had not received medical care for his appendix. Dkt. 46-1. On August 27, before Alford-Lofton mailed the grievance form, staff from Meriter Hospital called him and told him that Robinson was having emergency surgery for an inflamed appendix. (According to Wisconsin's inmate records, Alford-Lofton was incarcerated at Waupun Correctional Institution at this time. He does not explain how the unnamed inmate or Meriter Hospital was able to contact him at the institution, but this is ultimately immaterial to the outcome of defendants' motions.) Alford-Lofton says that he mailed the grievance form to the Dane County jail sometime after August 27. He did not receive any response to the grievance, so he mailed an appeal form on September 6, 2020. Dkt. 46-2. He did not receive a response to the appeal form either.

Defendants respond that Dane County jail never received any grievances from Alford-Lofton or anyone else, and that even if Alford-Lofton did submit grievances about Robinson's medical care, the grievances were untimely and did not satisfy the jail's grievance policy. I need not determine whether Alford-Lofton actually mailed the grievances as he declares or whether they were timely, because I agree with defendants that even if Alford-Lofton sent the grievances forms when he says that he did, the grievances did not satisfy Robinson's exhaustion obligations.

Dane County jail's grievance policy permits third parties to assist inmates in preparing grievances, but it does not permit third parties to draft and file a grievance on behalf of an inmate without the inmate's knowledge or involvement. The policy defines "grievance" as a "written complaint *filed by an inmate*." Dkt. 35-1, at 1 (emphasis added). It further states that:

3

> E. The inmate is responsible for submitting his/her own grievance, but may request assistance from a third party to compensate for issues such as limited writing, reading or comprehension abilities, limited English proficiency, or disabilities such as blindness or low vision. (PREA 115.16[a][b])
>
>> 1. A third party may include another inmate, staff member, family member, attorney or outside advocate. (PREA 115.16[a][b])

Dkt. 35-1. (The Prison Rape Elimination Act (PREA) provisions that are referenced in the policy provide instructions for ensuring access to PREA materials for inmates with disabilities or limited English.)

Under the policy, Robinson was responsible for filing his own grievance, but he failed to do so. The policy permitted him to ask another person for assistance to compensate for a disability or other issue that impeded his ability to draft a grievance, but Robinson did not ask Alford-Lofton for help. Alford-Lofton filed a grievance without any contact from Robinson. And Robinson does not say that he had any temporary or permanent disabilities that would have prevented him from filing his own grievance. Robinson does allege that he lacked writing materials while he was on suicide watch, prior to his emergency surgery. But defendants submitted records showing that Robinson was only on suicide watch for approximately 48 hours during the relevant time period, and that he was held in general population or on medical watch during most of the relevant time frame. Dkt. 35-3. In any event, Robinson does not actually say that he was unable to submit a grievance within his deadline for doing so.

In sum, defendants have shown that Robinson failed to file any grievances regarding the treatment his receiving for his appendicitis at the Dane County jail, and that the grievances purportedly filed by his cousin do not comply with the jail's grievance policy. So, Robinson

4

failed to exhaust his jail remedies before filing this lawsuit, and his claims must be dismissed.

ORDER

IT IS ORDERED that:

1. Plaintiff Kenneth W. Robinson III's motion for leave to file an amended complaint, Dkt. 44, and proposed amended complaint, Dkt. 45, are GRANTED.

2. The motions for summary judgment filed by defendants, Dkt. 33 and Dkt. 38, are GRANTED, and plaintiff's claims are DISMISSED WITHOUT PREJUDICE for his failure to exhaust his administrative remedies before filing his lawsuit.

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered May 31, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge